Egan Jr., J. (dissenting). We do not disagree with Supreme Court and our colleagues’ finding that plaintiff loaned defendant $170,000 and that defendant thereafter partially repaid this money to plaintiff, prior to the parties subsequent falling out, thereby providing ample evidence with respect to the existence of the subject loan agreement. In our opinion, however, because the parties’ transaction amounts to money laundering, it is unenforceable as a matter of public policy and we would reverse the judgment and dismiss the complaint. The record establishes, by plaintiff’s own admission, the following: that he is in the business of bookmaking, that he had accumulated from this illegal business approximately $500,000 in cash, that he kept this money in a safe at his sister’s house, that he agreed to lend to defendant $170,000, to be repaid with interest over 11 years and, finally, that the monies he lent to defendant came directly from his illegal activities. Accordingly, in our view, even though the subject contract may not have been intrinsically illegal, the fact that the money plaintiff loaned to defendant was garnered directly from the fruits of an illegal bookmaking operation, the loan constitutes money laundering, and public policy and the fundamental concepts of morality and fair dealing should preclude plaintiff from accessing the court in order that he may obtain additional profit from the proceeds of his criminal activities (see generally McConnell v Commonwealth Pictures Corp., 7 NY2d 465, 469-471 [1960]). Lynch, J., concurs. Ordered that the judgment is affirmed, with costs.